# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

BRUCE MITCHELL NICHOLSON             PLAINTIFF

v.              CIVIL ACTION NO. 1:18-CV-P131-GNS

DON A. WOOD et al.               DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Bruce Mitchell Nicholson filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983/*Bivens* complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

### I. STATEMENT OF FACTS

Plaintiff sues Federal Bureau of Investigation (FBI) agents Don A. Wood, Sean E. Walsh, and John Doe, as well as Kentucky State Police Troopers Cody Kromer and Nicholas Rice. He alleges that on July 16, 2012, the commercial motor vehicle he was driving was unlawfully searched in violation of the Fourth Amendment and property was unlawfully seized from it. He alleges that on that date his Fourth Amendment privacy right was violated because compartments and containers within the vehicle were searched. He alleges that Defendants Kromer and Rice failed to intervene to protect Plaintiff's constitutional rights. He also alleges that Defendants failed to preserve possibly exculpatory evidence seized on that date. He further alleges that information from the illegal search was used to obtain a warrant on January 10, 2013, making that warrant "tainted" and any evidence therefrom the "fruit of the poisonous tree." He also alleges that on July 16, 2012, his due-process rights were violated when Defendants rummaged through his personal possessions and his truck was hauled away by a "third party civilian."

Finally, he alleges that the seizure of property on January 10, 2013, at Kelly's Wrecker Service pursuant to the warrant was a constitutional violation and that property should have been taken into a secure police facility but was instead contaminated. He contends that all items seized were fruits of the illegal search and seizure conducted on July 12, 2012.

As relief, Plaintiff requests the "return of property/suppression of evidence," nominal damages, and a declaration that Defendants acted in violation of the constitution.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claims regarding the July 16, 2012, incident*

Plaintiff sues both federal and state government actors. A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil-rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Thus, Plaintiff's claims against the FBI Defendants are brought under *Bivens* while his claims against the state Defendants are brought under § 1983.

Constitutional claims asserted under § 1983 and *Bivens* are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)); *Owens v. Okure*, 488 U.S. 235, 239-40 (1998). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Though the applicable statute of limitations is determined by state law, the date on which the statute of limitations begins to run is determined by federal law. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit

3

and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks, brackets, and citations omitted)).

Here, Plaintiff raises claims of unlawful search and seizure, violation of his privacy rights under the Fourth Amendment because of the search, that Defendants Kromer and Rice failed to intervene to stop constitutional violations, and Fifth and Fourteenth Amendment due-process claims for failure to protect/preserve evidence, all occurring on July 16, 2012. According to his complaint, Plaintiff was present during the search on July 16, 2012, and, thus, the statute of limitations began to run at that time. *See, e.g.*, *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) ("[T]he statute of limitations on Michel's Fourth Amendment claims began to run from the search on November 23, 2004.").

Under the mailbox rule, this action is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The complaint in this action was signed on September 12, 2018, and, absent contrary evidence, a court will assume the prisoner gave his petition to prison officials on the date he signed it. *Wampler v. Mills*, 60 F. App'x 594, 596 (6th Cir. 2003). Thus, considering Plaintiff's complaint as filed on September 12, 2018, it was not filed until over six years from the July 16, 2012, search, and his claims arising from that search are barred by the statute of limitations.

### *Claims regarding January 10, 2013, search and seizure*

Plaintiff raises claims related to the allegedly unreasonable search conducted on January 10, 2013. It is not clear that Plaintiff was present for the January 10, 2013, search located at Kelly's Wrecker Service, or when he became aware of the alleged unconstitutional actions. It is hard to imagine that he was not aware more than year before he filed this action.

4

However, the Court need not determine whether the statute of limitations bars these claims because Plaintiff's contention about this search is that "all items seized were fruits of the illegal search and seizure conducted on July 12, 2012." "The 'fruit of the poisonous tree' doctrine is an evidentiary exclusionary rule[.]" *Padilla v. Miller*, 143 F. Supp. 2d 453, 472 (M.D. Pa. 1999). Suppression of evidence is not relief available in a § 1983/*Bivens* action. "Such relief is typically sought in the trial of a defendant's criminal case, through a direct appeal of the conviction and/or sentence in a defendant's criminal case, through a post-trial motion in defendant's criminal case, through an application for post-conviction relief in state court, [or] through a petition for writ of habeas corpus in federal court." *Trappier v. Livingston*, No. CA 4:12-897-TLW-KDW, 2012 WL 2178721, at *3 (D.S.C. May 11, 2012), *report and recommendation adopted*, No. CIV.A. 4:12-897-TLW, 2012 WL 2178696 (D.S.C. June 13, 2012). Therefore, Plaintiff fails to state a claim upon which relief may be granted in this civil-rights action.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Date: March 11, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    U.S. Attorney
    Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
      1024 Capital Center Drive, Frankfort, KY 40601
4416.009